UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TEALA STOKES,

    Plaintiff,

v.                                                          Case No.:   2:26-cv-2029-SPC-KRH

HOBBY LOBBY STORES, INC.,

    Defendant.

_____

## OPINION AND ORDER

On June 16, 2026, the Court issued an Order to Show Cause directing Defendant Hobby Lobby Stores, Inc. to supplement its notice of removal to establish that the amount in controversy exceeds $75,000.  (Doc. 8).  Defendant filed a Supplemental Memorandum Regarding the Amount In Controversy ("Supplement"), which does not cure the problem.  (Doc. 12).  Therefore, for the following reasons, the Court remands this case for lack of subject matter jurisdiction.

In its Order, the Court explained that Defendant's Notice of Removal relies on Plaintiff Teala Stokes' response to its request for admissions in state court in which she admits that she is "seeking damages in excess of $75,000." But the Court explained that this admission, without more, is insufficient to establish the amount in controversy.  Additionally, the Court observed that

"Hobby Lobby fails to cite any actual evidence demonstrating the amount in controversy exceeds \$75,000." (Doc. 8 at 3).

Defendant's Supplement does not aid its cause. In the Supplement, Defendant states that at the time of removal, it had four independent sources of competent evidence demonstrating that the amount in controversy was met: (a) Plaintiff's judicial admission that the amount in controversy exceeds \$75,000.00; (b) Plaintiff's sworn interrogatory responses identifying permanent injuries and advising that her treating physicians will testify regarding the permanent nature of those injuries; (c) Plaintiff's medical records documenting MRI-confirmed cervical spine pathology, invasive treatment, and continuing complaints; and (d) the allegations of permanent injury and future damages contained in the Amended Complaint. (Doc. 12 at 6).

However, Plaintiff's judicial admission, interrogatory responses, and allegations are insufficient to demonstrate that the amount in controversy is met. *See Shue v. Sam's E., Inc.*, No. 2:25-CV-486-SPC-NPM, 2025 WL 1648769, at *1 (M.D. Fla. June 9, 2025) (observing that plaintiff's interrogatory answers were vague assertions of bodily injury, and defendant's reliance on such general conclusory assertions was unhelpful); *Kohrig v. Pavilion at HealthPark LLC*, No. 2:25-CV-95-SPC-NPM, 2025 WL 1012333, at *1 (M.D. Fla. Apr. 4, 2025) (explaining a response to a request for admission alone "is insufficient to establish the amount in controversy").

2

This leaves Plaintiff's medical records.  In the Supplement, Defendant explains that Plaintiff's medical records document a cervical spine injury and provides other details about objective medical findings.  (Doc. 12 at 6).  What Defendant fails to provide are the medical records themselves or any evidence of medical bills.  It attaches nothing to the Supplement to substantiate its statements.  It cites to no evidence in the record whatsoever to demonstrate the amount in controversy has been met.[1]  At bottom, Defendant fails to provide the Court with sufficient evidence of *any* medical bills.  Defendant's conclusory statements in the Supplement, without supporting documentation, do not prove the amount in controversy.  *Cf. Collins v. GEICO Gen. Ins. Co.*, No. 8:16-CV-280-T-24-MAP, 2016 WL 890089, at *2 (M.D. Fla. Mar. 9, 2016) (collecting cases that hold a demand in a Civil Remedy Notice, without specific

---

[1] The Court is aware that Defendant attached 217 pages of documents to the Notice of Removal.  (Doc. 1).  But Defendant cites nothing in the Notice of Removal or in the Supplement to point the Court toward any documents to substantiate the amount in controversy.  The Court is under no obligation to do the work of manufacturing the amount in controversy for Defendant.  After all,

> "judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits—not only because the rules of procedure place the burden on the litigants, but also because their time is scarce." *Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662–63 (7th Cir. 1994).  They need not endeavor to "fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

*Lowrance v. Berryhill*, No. 4:18-CV-89, 2019 WL 1085187, at *1 (S.D. Ga. Mar. 7, 2019).

information supporting that demand, does not establish the amount in controversy).

The removing Defendant must prove the amount in controversy by a preponderance of the evidence. *Eckert v. Sears, Roebuck & Co.*, No. 8:13-CV-2599-T-23, 2013 WL 5673511, at *2 (M.D. Fla. Oct. 17, 2013) (explaining "diversity jurisdiction depends on an actual and factually demonstrable amount-in-controversy in excess of $75,000"). Defendant failed to meet its burden to demonstrate that the amount in controversy has been met. Because the Court cannot determine that it has diversity jurisdiction over this matter, it is remanded.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Lee County, Florida, Case No. 25-CA-005767.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

4

**DONE** and **ORDERED** in Fort Myers, Florida on June 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

5